UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ZEXTRAS S.R.L.,

                Plaintiff,

    -v-

SYNACOR, INC.

                Defendant.

------------------------------------------------------------------X

1:23-cv-07937 (DEH)

[PROPOSED]

PROTECTIVE ORDER

      WHEREAS Plaintiff Zextras S.r.l. and Defendant Synacor, Inc. (collectively, the "Parties," and individually, a "Party") hereby stipulate and agree and request that this Court issue this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential or attorney's eyes only treatment;

      WHEREAS, the Parties further acknowledge that this Protective Order creates assurances of treatment of material in discovery but does not create an entitlement to file confidential information under seal; and

      WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

      IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.   Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" (hereinafter "Confidential Discovery Material") or "Highly Confidential–Attorney's Eyes Only" (hereinafter "Highly Confidential–Attorney's Eyes Only Discovery Material") pursuant to the terms of this Protective Order shall not disclose any such designated Discovery Material to anyone except as expressly permitted hereunder.

2.   A Party may designate Discovery Material as Confidential if the disclosure of such material to the public or to third-parties, or the use of such material for purposes other than this action, is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a)   financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, license fees, minimum guarantee payments, sales reports, sale margins and audit reports) previously not disclosed publicly;

(b)   material relating to ownership or control of any non-public company previously not disclosed publicly;

(c)   business plans, product development information, marketing plans, compilations of confidential and competitive business information (including without limitation software source code) previously not disclosed publicly;

(d)   any information of a personal or intimate nature regarding any individual; or

(e)   any other category of information hereinafter given confidential status by the Court.

3.   With respect to any Discovery Material other than deposition transcripts , the designating person or that person's counsel may designate such material as "Confidential" by: (a) stamping or otherwise clearly marking it as "Confidential" in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.   A Party may designate any given Discovery Material as "Highly Confidential–Attorney's Eyes Only" information within the scope of Rule 26(c)(1)(G) that represents current or future business or technical trade secrets and plans or confidential commercial information (including without limitation software source code) if it is more sensitive or strategic than Confidential Discovery Material, and is of such a private, sensitive, competitive or proprietary nature that present disclosure to individuals other than those identified in paragraph 8 herein would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the designating Party. A designation as "Highly Confidential–Attorney's Eyes Only" constitutes a representation that such Discovery Material has been reviewed by an attorney for the designating Party and that there is a valid basis for such a designation. Each Party reserves its right to the challenge the designation of computer code as "Highly Confidential–Attorney's Eyes Only" in accordance with the Court's procedures. Each Party also reserves the right to challenge the provisions of paragraph 8 hereof that prevent that party from permitting one additional named person (who may be an employee of that party, provided such person shall be provided by counsel with a copy of this

Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms) from inspecting source code which has been designated at "Highly Confidential – Attorney's Eyes Only" on the ground that restriction of that inspection to experts and attorenys only unreasonably interferes with the Party's ability to proscute a claim or defense and causes identifiable prejudice. With respect to any Discovery Material other than deposition transcripts , the designating person or that person's counsel may designate such material as "Highly Confidential–Attorney's Eyes Only" by: (a) stamping or otherwise clearly marking as "Highly Confidential–Attorney's Eyes Only" in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Highly Confidential–Attorney's Eyes Only information redacted.

     5.    With respect to deposition transcripts, a Party or that Party's counsel may designate such portion as Confidential or Highly Confidential–Attorney's Eyes Only either by (a) indicating on the record during the deposition that a question calls for such information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential–Attorney's Eyes-Only Information Governed by Protective Order" as the case may be; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential–Attorney's Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential or Highly Confidential–Attorney's Eyes Only.

     6.    If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Highly Confidential–Attorney's Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Highly Confidential–Attorney's Eyes Only under the terms of this Protective Order.

     7.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated as Confidential to any other person whomsoever, except to:

    (a)    employees of the Parties who, in the good-faith determination of counsel, have a need to review the information in connection with prosecuting any claims or defenses in this action;

    (b)    the Parties' insurers, and counsel to their insurers;

    (c)    counsel retained for this action who have entered an appearance in this action with the court, any foreign counsel retained to advise the Parties and/or their counsels, and any lawyer, paralegal, clerical, and other assistant associated with the law firm of retained counsel or foreign counsel and who is working on the matter;

(d)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(f)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g)     any witness not an author or addressee of a document who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

(h)     any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

(i)     stenographers engaged to transcribe depositions conducted in this action; and

(j)     this Court, including any appellate court, and the court reporters and support personnel for the same.

8.     Except with the prior written consent of the designating Party or by Order of the Court, Highly Confidential–Attorney's Eyes Only Discovery Material shall not be furnished, shown or disclosed to any person or entity except to those identified in paragraph 7(c), 7(d), 7(f), 7(h), 7(i), or 7(j);

9.     Prior to any disclosure of any Confidential Discovery Material to any person referred to in paragraphs 7(a), 7(b), 7(e), 7(g) or 7(h), or Highly Confidential–Attorney's Eyes Only Discovery Material to those identified in paragraph 7(h), above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected persons shall request a joint conference with the Court to obtain a ruling in accordance with the Individual Rules of the judges hearing this action. The burden shall be on the objecting Party to make any motion to obtain a ruling on the confidentiality designation, however the burden shall be on the producing/designating Party to prove that the confidential designation is valid.

11.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. If an issue or objection regarding third-party confidentiality rights arises, the parties can address it on a case-by-case basis, including but not limited to, filing a motion to compel or seeking a protective order or other relief from this Court, after a meet and confer on the issue or objection.

12. Recipients of Confidential Discovery Material or Highly Confidential–Attorney's Eyes Only Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material or Highly Confidential–Attorney's Eyes Only Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material or Highly Confidential–Attorney's Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 6 of this Court's Individual Practices in Civil Cases. All persons producing Confidential Discovery Material or Highly Confidential–Attorney's Eyes Only Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material or Highly Confidential–Attorney's Eyes Only Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. The Parties will use their best efforts to minimize such sealing.

15. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential–Attorney's Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure. Nothing in this paragraph precludes a Party from redacting PII information where appropriate.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as Confidential or or Highly

Confidential–Attorney's Eyes Only Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Counsel of record for the Parties may retain for their files one copy of all documents filed in the action, all written discovery served in the action (*e.g.*, written responses to documents requests, interrogatories, and requests for admission), all deposition transcripts, all trial transcripts, trial exhibits, and appeal briefs.

18. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: January 31, 2024

MOSES & SINGER LLP

By: /s/ Toby Butterfield
Toby Butterfield
J.T. Parker Murray
Rebecca Diamond
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 554-7800
tbutterfield@mosessinger.com
pmurray@mosessinger.com
rdiamond@mosessinger.com

LEX PAN LAW LLC
P. McCoy Smith
920 SW 6th Avenue
Suite 1200
Portland, OR 97204
Telephone: (503) 799-8470
mccoy@lexpan.law

*Attorneys for Plaintiff, Zextras S.r.l*

Dated: January 31, 2024

HODGSON RUSS LLP

By: s/Rob Fluskey
Robert J. Fluskey Jr.
Ryan K. Cummings
The Guaranty Building
140 Pearl Street
Buffalo, New York 14202
Telephone: (716) 856-4000
rfluskey@hodgsonruss.com
rcumming@hodgsonruss.com

*Attorneys for Defendant, Synacor, Inc.*

SO ORDERED

Dated: February 1, 2024
New York, New York

_____
Dale E. Ho
United States District Judge